IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02786-MSK-BNB

WALTER F. WAGNER,

Plaintiff,

v.

DISCOVER BANK,

Defendant.

_____

**ORDER**
_____

This matter arises on **Defendant's Request for Clarification** [Doc. # 58, filed 7/5/2013] (the "Motion"). The defendant requests clarification about whether my Order [Doc. # 56] erroneously required it to disclose the addresses of "the 76 current and former employees disclosed by Discover Bank on May 1, 2013." Order [Doc. # 56] at p.1.

Although I recall a discussion about whether plaintiff's counsel may ethically contact current and former employees, and I may have expressed my understanding of the rules in that regard, the issue of direct contact was not before me. The issue before me was whether Discover Bank is required to disclose under Rule 26(a)(1) the last known addresses of the witnesses it identified in its voluntary disclosures. On that point, the rule is clear:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . **the name and, if known, the address and telephone number of each individual** likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses. . . .

Rule 26(a)(1)(A) (emphasis added).

Regardless of whether plaintiff's counsel may contact the potential witnesses, the rule requires Discover Bank to disclose their last known addresses and telephone numbers.

IT IS ORDERED that the Motion [Doc. # 58] is GRANTED, and the Order [Doc. # 56] is clarified as indicated.

Dated July 12, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge